

NUMBERS 13-08-00710-CR
13-08-00711-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JAMES ELIZALDE,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 319th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Garza**

In appellate cause number 13-08-00710-CR, appellant, James Elizalde, appeals his conviction of unlawful possession of less than one gram of cocaine, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b) (Vernon Supp. 2009). In appellate cause number 13-08-00711-CR, Elizalde appeals his conviction of one count of aggravated assault, a second-degree felony, and one count of retaliation, a third-degree felony. *See*

TEX. PENAL CODE ANN. §§ 22.02(a)(2), (b), 36.06(a)(2)(B), (c) (Vernon Supp. 2009). The aggravated assault and retaliation counts were enhanced to a first-degree felony and a second-degree felony, respectively, because Elizalde was convicted previously of felony delivery of cocaine in 1992. *See id.* § 12.42(a)(3), (b) (Vernon Supp. 2009) (providing punishment increases for habitual felony offenders).

Elizalde pleaded guilty to the cocaine possession charge, and after a hearing, the trial court found him guilty and sentenced him to two years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Elizalde also pleaded guilty to the aggravated assault and retaliation counts and pleaded "true" to the enhancement paragraph contained in the underlying indictment. After a hearing, the trial court found Elizalde guilty of the underlying offenses, concluded that he used a deadly weapon in committing the aggravated assault and that the enhancement allegation was true, and sentenced him to forty years' incarceration as to the aggravated assault count and twenty years' incarceration as to the retaliation count. The trial court ordered the sentences imposed in both cases to run concurrently, and because Elizalde's guilty pleas were made without the benefit of a plea bargain, the trial court certified Elizalde's right to appeal in both cases.

On December 12, 2008, Elizalde filed motions for new trial in both cases, asserting that he was entitled to a new trial on punishment because the sentences imposed were "contrary to the law and the weight of the evidence." The trial court did not rule on either of Elizalde's motions for new trial; thus, they were overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c). This appeal followed. We affirm.

# I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Elizalde's court-appointed appellate counsel has filed briefs with this Court stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's briefs meet the requirements of *Anders* as they present a professional evaluation demonstrating why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. More than an adequate time has passed, and Elizalde has not filed a pro se response.[2]

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[2] On October 20, 2009, Elizalde filed a document entitled "Pro Se Brief." The following day, Elizalde filed a "Motion to Disregard Unauthorized Appeal" in which he noted that "without authorization, a document was mailed to this court and purported to be an appeal brief to be filed in this case" and asked us to "disregard the unauthorized appeal in the interest of affording him the opportunity to draw a proper pro se brief." Also on October 21, 2009, Elizalde filed a "Motion for Extension of Time to File Appellant's Pro Se Brief or

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's briefs and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Elizalde's attorney has asked this Court for permission to withdraw as counsel in both appellate cause numbers. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this opinion, counsel is ordered to send a copy of the opinion and judgment to Elizalde and to advise Elizalde

---

Response to Ander's [sic] Brief." We granted both motions, thereby vacating Elizalde's October 20, 2009 pro se response and granting him until January 24, 2010 to file a redrawn pro se response. We granted two additional motions for extension of time, giving Elizalde until June 17, 2010 to file a redrawn pro se response. No such response has been filed.

of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
8th day of July, 2010.

---

[3] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3, 68.7.  Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.